By the Court.
The question presented by the record in this case is one of venue or jurisdiction. Generally speaking, it is a fundamental rule of criminal procedure that one who commits a crime is answerable therefor only in the jurisdiction where the crime is committed, and in all criminal prosecutions, in the absence of statutory provision to the contrary, venue must be laid as in the county of the offense, and it must be proved as laid. Section 7263 of the Revised Statutes of Ohio provides: “All criminal cases shall be tried in the county where the offense was committed, unless it appear to the court, by affidavits, that a fair and impartial trial can not be had therein; in which case the court shall direct that the person accused be tried in some adjoining county.” It is therefore only necessary in order to determine the proper venue or place of trial, to ascertain in what county the offense charged in the indictment was actually committed. An offense is committed in that county in which the acts constituting the same are done. And within the -meaning of the statute under which defendant was, in this case,indicted, the omission or neglect of a child to provide for the parent, is as much an act of such child, although negative in character, as is, or would be, his positive refusal to provide. In the present case the defendant, Mathew J. Dangler, was indicted and prosecuted for a violation of section 7017-3, Revised Statutes, which provides as follows: “Any adult person, a resident of this state, having a parent within this state, said parent being destitute of means of subsistence and unable either by reason of *52 old. age, infirmity or illness to support himself or herself, who is possessed of, or able to earn, means •.sufficient to provide such parent with necessary shelter, food, care and clothing, and neglects or refuses aso to do, shall, upon conviction, be deemed guilty of a misdemeanor and punished by imprisonment in jail or in a workhouse, at hard labor, for not more than one year nor less than three months; provided, however, if, after such conviction and before sentence, such person shall appear before the court in which such conviction shall have taken place and enter into bond, with good and sufficient surety to be approved by said court, to the state of Ohio in the penal sum of $1,000, conditioned that he will furnish such parent with necessary and proper shelter, food, care and clothing, the said court shall suspend sentence therein. ’ ’ This statute defines and prescribes but a single offense; that of nonsupport of a parent; and it is the act of the child in failing to furnish support, under the conditions named in the statute, that constitutes the offense therein defined. Therefore, the other elements of the offense being present, the offense is committed, and is complete, in the county in which the child, charged with the duty of providing support, resides, at the time of his neglect or refusal to furnish the same. In the present case, that was in Fulton county and not in the county of Lucas. The record in this case discloses that at no time, within the time laid in the indictment, was the defendant, Mathew J. Dangler, either actually or constructively present in Lucas county. We are of opinion therefore that the court of common pleas correctly held in this case, that if the offense charged against defendant was committed by him, that such offense was *53 committed in Pulton county and not in the county of Lucas. ,
, JhxcepUons overruled.
Shatjck, C. J., Price, Crew, Summers, Spear and Davis, JJ., concur.